UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LARON DAWN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS, <br><br> Plaintiffs, <br><br> vs. <br><br> CHOICE HOTELS INTERNATIONAL, INC., D/B/A QUALITY INN, <br><br> Defendant. | Case No.: 2:14-CV-4114 <br><br> Cole County, Missouri <br> Case No.: 14AC-CC00114 |

### SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S PETITION OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

COMES NOW Defendant Choice Hotels International, Inc., improperly pled as Choice Hotels International, Inc., d/b/a Quality Inn (hereinafter "CHI"), and for its Suggestions in Support of it Motion to Dismiss Plaintiff's Petition pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, 12(b)(7), for failure to join a party under Rule 19 or, in the alternative, Rule 12(e) for more definite statement, and Local Rule 7.0, states as follows:

### BACKGROUND

Plaintiff filed this matter in the Circuit Court of Cole County, Missouri, on or about March 7, 2014. Defendant was served on April 3, 2014. In response, and contemporaneously with the filing of this Motion, Defendant removed this matter to the United States District Court for the Western District of Missouri, Central Division, on the basis of federal question jurisdiction. Specifically, Plaintiff's Petition alleges a violation of the Fair Credit Reporting Act

("FCRA"), 25 U.S.C. § 1681 et seq. (See Plaintiff's Petition, attached hereto as Exhibit A). Specifically, Plaintiff alleges CHI obtained and used information in consumer reports to conduct background checks, to make decisions regarding prospective or current employees, and as a basis for adverse employment actions such as a refusal to hire or decision to terminate an employee. (*See* Pl.' s Pet. ¶¶ 1-3).

## *STANDARD OF REVIEW*

The Federal Rules of Civil Procedure require that a claim for relief contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Court must accept as true the factual allegations in the Complaint. *Ripplin Shoals Land Co., LLC v. United States Army Corps of Eng'rs,* 440 F. 3d 1038, 1042 (8th Cir. 2006). A Motion to Dismiss should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Knapp v. Hanson,* 183 F.3d 786, 788 (8th Cir. 1999). A complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal. *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002).

A Motion to Dismiss *must* be granted if the complaint does not contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp v. Twombly,* 550 U.S. 554, 570 (2007)). The United States Supreme Court addressed the issue of what satisfies the pleading requirement set forth in Rule 8(a)(2). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. In discussing this rule in the context

2

{01144045.DOCX;2}

Case 2:14-cv-04114-MJW   Document 5   Filed 05/02/14   Page 2 of 9

of a Motion to Dismiss, the *Twombly* Court stated that "[w]hile a complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *see also C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F. 3d 624, 629-30 (8th Cir. 2010).

Further, "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. In order for a Complaint to survive a Motion to Dismiss it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. This "facial plausibility" requirement is met by a complaint wherein "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A plaintiff "must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009). A district court is not required to "conjure up unpled allegations" to save a complaint. *Id*.

Finally, the party moving for dismissal under Rule 12(b)(7) "has the burden to show that the absent person should be joined under Rule 19." *E.E.O.C. v. Apria Healthcare Grp., Inc.*, 222 F.R.D. 608, 609-10 (E.D. Mo. 2004).

### *ARGUMENT*

#### *Motion to Dismiss for Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)*

Plaintiff's Petition is premised on the misguided belief that Defendant CHI obtained and used information in consumer reports to conduct background checks, to make decisions
3

regarding prospective or current employees, and as a basis for adverse employment actions such as a refusal to hire or decision to terminate an employee. (*See* Pl.'s Pet. ¶¶ 1-3). However, Plaintiff's allegations fail to identify the specific date and location at which the purported violation of the FCRA occurred, in violation of the Federal Rules of Civil Procedure's notice pleading requirements, as set forth in Rule 8. (*Id*. at ¶ 18). This allegation merely states stating "Plaintiff applied for work in 2013 with the Defendant in Jackson County, Missouri." (*Id*.) Furthermore, Plaintiff's allegations are not based in fact and are merely improper and bare legal conclusions, requiring dismissal of Plaintiff's Petition.

The Court in *Ashcroft v. Iqbal* was confronted with a Motion to Dismiss the plaintiff's complaint, where the complaint alleged, *inter alia*,

> that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." The complaint alleges that Ashcroft was the "principal architect" of this invidious policy, and that Mueller was "instrumental" in adopting and executing it.

*Ashcroft v. Iqbal*, 556 U.S. at 680-81. In reversing the decision of the U.S. Court of Appeals for the Second Circuit denying the Motion to Dismiss, the Court found these allegations were "bare assertions" which amounted to nothing more than "a 'formulaic recitation of the elements' of a constitutional discrimination claim, namely, that petitioners adopted a policy 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Id*. at 681. Because of this, the allegations contained in the complaint were merely conclusory in nature and therefore not entitled to be assumed true. *Id*. The Court noted that they "do not reject these bald allegations on the ground that they are unrealistic or nonsensical," but only because of their conclusory nature. *Id*.

Consistent with the Supreme Court's holdings in *Twombly* and *Iqbal*, the Eighth Circuit Court of Appeals recently recognized that "[t]o survive a motion to dismiss, a complaint must contain factual allegations sufficient to raise a right to relief above the speculative level." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (dismissing complaint for lack of standing); *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 (8th Cir. 2010) (dismissing complaint for failure to adequately plead allegations in support of fraud claim).

The Court's determination of whether to dismiss a claim under Rule 12(b)(6) is a two-step analysis. *Iqbal*, 556 U.S. at 678-82. A Court should first identify and disregard allegations in the complaint that are not entitled to be assumed true for purposes of a motion to dismiss. *Id.* at 679. In so doing, a District Court should be mindful of the pleading principles described above, including that only "well-pleaded, nonconclusory factual allegation[s]" are assumed to be true. *Id.* at 680. Similarly, unwarranted deductions of fact in a complaint are not admitted as true and should be disregarded for purposes of testing the sufficiency of a plaintiff's allegations. *Id.* at 679, 68-81. After identifying the factual allegations that are well-pled and, therefore, assumed to be true, a District Court should then determine whether these factual allegations "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681.

The issues surrounding Plaintiff's Petition in the present matter are substantially the same as those presented to the Court in *Ashcroft v. Iqbal*. Plaintiff's Petition merely sets for the elements of the underlying cause of action and fails to set forth any specific facts implicating CHI in support thereof. Plaintiff fails to recite any facts in support of his claims against CHI, instead making general legal conclusions and summarizing the required elements of its FCRA claim. As stated in the *Ashcroft v, Iqbal* decision, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice" to survive a Motion to Dismiss. *Iqbal*, 556 U.S. at 678.

Moreover, the Petition fails because the allegations therein are ambiguous and do not articulate any misdeed, misconduct, or omission on the part of CHI. *Tatum v. Iowa*, 822 F.2d 808, 809-10 (8th Cir. 1987) (affirming dismissal where plaintiff failed to plead how the defendants were responsible for his claim). At best, Plaintiff's bare recitation of the elements of his FCRA claim against CHI fails to specify any individual or culpable conduct on the part of CHI. Accordingly, the Petition fails to satisfy Federal pleading requirements, and should be dismissed.

*Motion to Dismiss for Failure to Join a Necessary Party – Fed. R. Civ. P. 12(b)(7)*

Plaintiff's Petition should be dismissed because it fails to join a required party as defined under Rule 19. Rule 19(a)(1) defines a required party as follows:

> **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19.

{01144045.DOCX;2}
Case 2:14-cv-04114-MJW   Document 5   Filed 05/02/14   Page 6 of 9

When a person needed for just adjudication (as set forth in Rule 19) has not been included in an action, a party may move for dismissal under Rule 12(b)(7). *E.E.O.C. v. Apria Healthcare Grp., Inc.*, 222 F.R.D. 608, 609 (E.D. Mo. 2004). Here, and as discussed *supra*, it cannot be determined whether CHI owns or operates the location in Jackson County, MO, where the purported violation of the FCRA occurred as the specific location is not identified in Plaintiff's Petition. Without said information it is unknown whether additional necessary parties as defined by Rule 19 of the Federal Rules of Civil Procedure, may be necessary in order to ensure complete resolution of this matter. As such, its absence precludes this Court from according complete relied among the existing parties under Rule 19. Under such circumstances where the indispensable party cannot be joined, dismissal is proper under Rule 12(b)(7). *See E.E.O.C. v. Apria Healthcare Grp., Inc.*, 222 F.R.D. 608, 609 ("If the party is considered 'indispensable' to the action and cannot be joined, then dismissal is proper."). For these reasons, Plaintiff's Petition must be dismissed pursuant to Federal Rule 12(b)(7) for failing to join a necessary party.

### *Alternative Motion for More Definite Statement – Fed. R. Civ. P. 12(e)*

In the alternative, and without waiving its arguments *supra*, CHI makes its Motion for More Definite Statement pursuant to Federal Rule 12(e).

The United States Supreme Court clarified requirements of pleading, stating: "The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 590 n.9 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678– 79, 686 (2009) (a court need not "credit a complaint's conclusory statements without reference to its factual context.").

Federal Rule 12(e) provides that:

> **(e) Motion for a More Definite Statement**. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

According to the U.S. District Court for the Western District of Missouri, "When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading." *Gehrke v. Pinnacle Health Group, LLC*, No. 13–4135–CV–C–FJG, 2013 WL 5890701 at *2 (W.D. Mo. Nov. 4, 2013).

In the present matter, Plaintiff's recitation of facts alludes generally to the date and location where the purported FCRA violation occurred, stating "Plaintiff applied for work in 2013 with the Defendant in Jackson County, Missouri." (*See* Pl.'s Pet. at ¶ 18). This fails to satisfy the pleadings requirements of Rule 8 as discussed in greater detail *supra*, as it fails to notify CHI of the exact location where the alleged violation occurred and the date of the same. Without this information CHI cannot meaningfully respond to Plaintiff's allegations, as each of the following allegations in his Petition follow from those initial facts. Furthermore, Defendant cannot meaningfully pursue its defense of this matter without further clarification of these matters.

Furthermore, and as discussed *supra*, clarification of these allegations is also necessary for identifying the proper party defendant and/or for identifying other potential third parties to this action. As such, CHI cannot formulate a meaningful response to Plaintiff's allegations until such time as Plaintiff makes a more definite statement as to the allegations in Paragraph 18 of his

Petition. Because Plaintiff's Petition is unclear as to when and where the alleged violation occurred, Defendant cannot reasonably prepare a response to Plaintiff's Petition. Therefore, CHI respectfully requests that, should it deny CHI's Motion to Dismiss that it grant this alternative Motion and require Plaintiff to provide a more definite statement of his claims against CHI.

WHEREFORE, for the reasons stated hereinabove, Defendant Choice Hotels International, Inc., improperly pled as Choice Hotels International, Inc., d/b/a Quality Inn, respectfully requests this Court grant its motion and order it dismissed from this lawsuit with prejudice, or in the alternative, that this Court grant CHI's Motion for More Definite Statement, for its fees and costs herein expended and for such other and further relief as this Court deems just and proper.

/s/ *Seth G. Gausnell*
Seth G. Gausnell
Federal Registration No. 35767
PITZER SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

### AFFIDAVIT OF SERVICE

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 2nd day of May, 2014, to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 2nd day of May, 2014:

Charles Jason Brown
Jayson A. Watkins
Brown & Associates, LLC
301 S. US 169 Hwy
Gower, Missouri 64454
Attorney for Plaintiff

/s/ *Seth G. Gausnell*