

# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| Judge or Division: | Case Number: 14AC-CC00114 |
|---|---|
| JON EDWARD BEETEM | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| LARON DAWN | CHARLES JASON BROWN |
| | 301 S US HIGHWAY 169 |
| vs. | GOWER, MO 64454-9116 |
| Defendant/Respondent: | Court Address: |
| CHOICE HOTELS INT INC D/B/A QUALITY INN | 301 E HIGH |
| | JEFFERSON CITY, MO 65101 |
| Nature of Suit: | |
| CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CHOICE HOTELS INT INC D/B/A QUALITY INN
Alias:
R/A US CORP CO
221 BOLIVER ST
JEFFERSON CITY, MO 65101

**SERVE**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____03/25/2014_____    _____
Date                          Clerk

*COLE COUNTY*

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____    _____
                         Date          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 2:14-cv-04114-MJW   Document 5-1   Filed 05/02/14   Page 1 of 13


EXHIBIT A

Brown & Associates LLC   816-424-1337   p.4
816 424 1337

FILED

MAR 07 ...

COLE COUNTY
CIRCUIT COURT

IN THE CIRCUIT COURT OF COLE COUNTY

| | |
|---|---|
| LARON DAWN<br>Individually And On Behalf Of<br>All Others,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHOICE HOTELS INTERNATIONAL<br>INC., d/b/a QUALITY INN<br>Registered Agent<br>U.S. Corp. Co- 221 Bolivar St.<br>Jefferson City, MO 65101<br>    Defendant. | Case No.: 14AC CC00114<br><br>JURY TRIAL DEMANDED |

## PETITION

COMES NOW the Plaintiff, Laron Dawn, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant Choice Hotels International Inc., d/b/a Quality Inn ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Defendant routinely obtains and uses information in consumer reports (as a "consumer report" is defined pursuant to the FCRA) to conduct background checks on prospective and existing employees.

2. Defendant relies on information in consumer reports, to make decisions regarding prospective or current employees.

3. Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

4. Plaintiff brings this action against Defendant for violations of the FCRA.

5. Defendant has taken an adverse employment action against the Plaintiff based on

ES

information contained in a consumer report without first providing Plaintiff with a pre-adverse action notice.

6. Defendant failed to provide the Plaintiff with a copy of the consumer report prior to taking adverse employment action against the Plaintiff.

7. Defendant failed to provide the Plaintiff a reasonable period of time to address the content of the consumer report prior to taking adverse employment action against the Plaintiff.

8. Defendant failed to provide Plaintiff a written description of his rights under the FCRA prior to taking adverse employment action.

9. Plaintiff was not provided with a pre-adverse action notice and allowed to address any possible inaccuracy in the consumer report before he was informed that he could not be hired by the Defendant.

10. Based on Defendant's violations of the FCRA, Plaintiff asserts a FCRA claim on behalf of himself and all other individuals that were subject to an adverse action by the Defendant that was based, in whole or in part, on information contained in a consumer report.

11. Based on Defendant's violation of the FCRA, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of himself and all other individuals who did not receive a copy of the consumer report, did not receive a reasonable notice period in which to challenge the consumer report before an adverse action was taken, and/or did not receive a description in writing of the rights of the consumer prior to adverse action of the Defendant in accordance with the FCRA.

12. Based on Defendant's violation of the FCRA, as described above, Plaintiff asserts a

FCRA claim on behalf of himself and all other individuals who's rights under the FCRA were violated as may be revealed during this proceeding.

13. On behalf of himself and the putative class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## PARTIES

14. Plaintiff Dawn is a resident of Kansas City, Missouri. Plaintiff suffered adverse employment action by the Defendant and is a member of the Putative Class defined below.

15. Defendant is a non-resident foreign company formed under the laws of Delaware doing business in Missouri.

## JURISDICTION AND VENUE

16. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

17. Venue is proper in this Court pursuant to R.S.Mo. 508.010(4).

## FACTUAL ALLEGATIONS

18. Plaintiff applied for work in 2013 with the Defendant in Jackson County Missouri.

19. Plaintiff was informed that he would be hired immediately due to the need for employees and that a background check would be performed by a third party after he began work.

20. Approximately two weeks later the Plaintiff received a phone call from his manager that informed him he was terminated due to the results of his background check.

21. Defendant informed the Plaintiff that the third party background check had returned criminal activity for an individual named Latoya Laron Dawn.

22. Plaintiff was instructed to bring proof from the police station that the background check was inaccurate and he might get his job back.

23. Plaintiff was never provided with a copy of the background check nor a Summary of Rights.

24. Defendant is aware of the FCRA.

25. Defendant has knowledge that it must comply with the FCRA.

26. Defendant is required to perform all background checks for employment purposes in accordance with the FCRA.

27. Defendant performed a background check on the Plaintiff.

28. Defendant obtained a consumer report on the Plaintiff from a third party.

29. Plaintiff was terminated from employment by Defendant, in whole or in part, due to information contained in a consumer report. Plaintiff was not provided a pre-adverse action notice prior to being terminated by the Defendant.

30. Plaintiff has never received a copy of the consumer report on which the adverse employment action was based.

31. Since Plaintiff did not receive notice prior to the adverse action he was not provided a reasonable amount of time to cure or explain any inaccuracy in the consumer report that may have affected the Defendant's decision.

32. Defendant violated the FCRA by not providing Plaintiff with proper notice prior to the adverse action.

33. The FCRA states that in using a consumer report for employment purposes, before

taking any adverse action, based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates a copy of the report; and a description in writing of the rights of the consumer. 15 U.S.C. § 1681b(b)(3)(A)(i)(ii).

34. Defendant is aware that it is required by the FCRA to have provided a copy of the report to the Plaintiff before taking any adverse action.

35. Defendant is aware that it is required by the FCRA to have provided an FCRA summary of rights before taking any adverse action against the Plaintiff.

36. Defendant did not provide the Plaintiff with a written description of his rights under the FCRA prior to the adverse action.

37. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

38. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of his rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

39. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

40. It was unlawful for Defendant to take adverse action against the Plaintiff as set forth above.

## CLASS ACTION ALLEGATIONS

41. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

42. Plaintiff asserts the following adverse action class defined as:

Proposed Adverse Action Class: All employees or prospective employees of Defendant in the United States that suffered an adverse employment action on or after March 6, 2012 that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

### Numerosity

43. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, Defendant relies on such information, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiff believes that during the relevant time period, thousands of Defendant's employees and prospective employees would fall within the definition of the class.

### Common Questions of Law and Fact

44. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

    b. Whether Defendant violated the FCRA by taking adverse action against plaintiff and other members of the adverse action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

    c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the adverse action class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

    d      Whether Defendant violated the FCRA by taking adverse action against plaintiff and other members of the adverse action class on the basis of information in a consumer report, without first providing a written description of individuals rights pursuant to the FCRA;

    e.     Whether Defendant's violations of the FCRA willful; and

    f.      The proper measure of statutory damages in punitive damages.

### Typicality

45. Plaintiff's claims are typical of the members of the proposed class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members.

### Adequacy of Representation

46. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

47. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

48. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create

the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

49. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

50. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable

50. to concentrate the litigation of all putative class members' claims in a single forum.

51. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## COUNT I
## Adverse Action Violation
## 15 U.S.C. § 1681b(b)(3)(A)

52. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

53. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff from a consumer reporting agency.

54. Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

55. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

56. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

57. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members with a written description of their rights in accordance with the FCRA prior to the adverse employment action.

58. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class

members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

59.  a.  Defendant is a large corporation with access to legal advice through its own General Counsel's office and outside employment counsel;

    b.  Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report, not providing the Plaintiff with a reasonable notice period to cure inaccuracies, and not providing Plaintiff with a written description of his rights before taking adverse employment action as mandated by the FCRA.;

    c.  The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions.

    d.  15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

60.  Plaintiff and the adverse action class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

61.  Plaintiff and the adverse action class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

62.  Plaintiff and the adverse action class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE**, the Plaintiff respectfully requests that this Court issue an Order for the following:

    a.  An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

    b.  Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Order directing proper notice to be mailed to the Putative Class at Defendant's expense;

d. Order finding that Defendant committed multiple, separate violations of the FCRA;

e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding appropriate equitable relief, including but not limited to an injunction forbidding Defendant from engaging in further unlawful conduct in violation of the FCRA;

g. Order awarding statutory damages and punitive damages as provided the FCRA;

h. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

i. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed adverse action class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Associates LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337

brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Received Time Mar. 7. 2014 8:28AM No. 9350

Case 2:14-cv-04114-MJW   Document 5-1   Filed 05/02/14   Page 13 of 13